UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>DWAYNE DOUGLAS GEORGE,<br><br>               Defendant. | Case No. CR21-174 JCC<br><br>ORDER DENYING MOTION TO REOPEN DETENTION HEARING |

Before the Court is Defendant Dwayne Douglas George's motion to reopen detention hearing. (Mot. (dkt. # 220).) Mr. George moves to reopen based on "specific threats to Mr. George's health if he continues to be detained." (*Id.* at 3.) He contends "the [Federal Detention Center ("FDC")] has failed to provide the one necessary treatment for Mr. George's lymphedema," specifically, "compressive leg garments." (*Id.* at 3-4.) The Government filed an opposition to Mr. George's motion to reopen arguing that Mr. George fails to state an adequate basis for reopening the detention hearing and, even if he had, the facts do not support the argument that he is not receiving adequate medical care. (Resp. (dkt. # 229).) The Government

ORDER DENYING MOTION TO REOPEN
DETENTION HEARING - 1

attached to its opposition copies of Mr. George's medical records from the FDC evidencing that Mr. George has been receiving medical care for his lymphedema. (Ex. 1 (dkt. # 230).)[1]

The Bail Reform Act provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Mr. George's medical condition was known at the time of the detention hearing. Accordingly, the only new information is Mr. George's representation that the FDC is not adequately caring for his lymphedema. Based on the record before the Court, Mr. George's allegations do not have a material bearing on the issue whether there are conditions of release that will assure his appearance and the safety of the community.

A review of the record supports the Government's position that Mr. George is receiving medical care for his lymphedema. He has had a number of visits or consultations for "wound care" and "dressing care." (Ex. 1 at 40, 55-56, 63-64, 68-69, and 100-101.) Notations in the record by medical personnel at the FDC also note that Mr. George "messes" with his bandages and despite this his wounds are improving. (*Id.* at 34, 38, 49, 61.) Finally, Mr. George's medical records describe the kinds of wraps and compression products that have been used in his treatment, including kerlix gauze, Unna Boot wraps, Ace wraps, and TED hose (a compression garment). (*Id.* at 5, 8.) Moreover, on December 10, 2021, Mr. George was authorized to have custom compression socks sent from the community. (*Id.* at 24 ("updated to allow custom stocking sent from home."); 7 (noting that the compression garments requested by George "are

---

[1] Because Exhibit 1 is not numbered sequentially, the Court's cites are to the PDF numbering.

ORDER DENYING MOTION TO REOPEN
DETENTION HEARING - 2

highly specialized and are not available in health services" and he "is authorized to have these sent to him from the community").)

Based on the record before the Court, there is no basis for reopening detention in this matter. The Court therefore DENIES Defendant's motion (dkt. # 220) to reopen the detention hearing to consider this new information. The Court GRANTS the Government's motion to seal (dkt. # 228) as Exhibit 1 is Mr. George's medical records.

DATED this 11th day of February, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge